(C.D. 3072)

LIEBERMANN WAELCHLI & Co. N.Y., Inc. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided August 1, 1967)

*Siegel, Mandell & Davidson* for the plaintiff.
*Carl Eardley*, Acting Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The merchandise covered by the instant protest consists of battery-operated lanterns which were assessed with duty at the rate of 17 per centum ad valorem pursuant to the provision in paragraph 339 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, for household utensils, not specially provided for, wholly or in chief value of base metal.

It is claimed in said protest that the merchandise in issue consists of articles having as an essential feature an electrical element or device within the purview of paragraph 353 of said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, which are dutiable at the rate of 13¾ per centum ad valorem.

This protest has been submitted for decision upon a written stipulation of counsel for the respective parties hereto which reads as follows:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "A", and checked JB (Comm. Spec's initials) by Commodity Specialist J. Bistreich (Comm. Spec's Name) on the invoices covered by the protest enumerated above, and assessed with duty at 17 per centum ad valorem under the provisions of paragraph 339, Tariff Act of 1930, as modified, consist of battery operated lanterns which contain as an essential feature an electrical element or device, which are claimed dutiable at 13¾ per centum ad valorem under the provisions of paragraph 353, Tariff Act of 1930, as modified.

IT IS FURTHER STIPULATED AND AGREED that said merchandise is not an illuminating article, lighting fixture, or lamp, nor does it contain any electrical heating elements as constituent parts thereof.

IT IS FURTHER STIPULATED AND AGREED that the protest enumerated above be deemed submitted on this stipulation, the protest being limited to the items marked with the letter "A", as aforesaid, and abandoned as to all other items.

Upon the agreed facts, we hold the merchandise here in issue, identified by invoice items marked and checked as aforesaid, to be dutiable at the rate of 13¾ per centum ad valorem pursuant to the provision in paragraph 353 of said tariff act, as modified by said Torquay protocol, for articles having as an essential feature an electrical element or device. The claim in the protest to that effect is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.